Infants Welfare League Camp, Inc. Tax Assessment Case.

Argued March 5, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert J. Demer,* for appellant.

*Robert T. Weniger,* for appellee.

OPINION BY ARNOLD, J., July 19, 1951:

This is an appeal from the decree of the court below exempting from local tax assessments the real estate of The Infants Welfare League Camp, Inc. The facts are without dispute, and the whole matter concerns one of statutory construction.

The Infants Welfare League Camp, Inc., a corporation of the state of New York, owns about 200 acres of land in Wayne County, Pennsylvania, on which is erected a summer camp. Under-privileged children from the city of New York are given the benefit of this Camp, and no children of Pennsylvania are sent thereto.

It is conceded that the Camp is a public charity. It charges nothing for the accommodations given these children, and is supported entirely by public donations. Appellant acknowledges that exemption from local taxation is not precluded merely because the property is owned by a New York corporation. On the other hand, the appellant vigorously contends that, since neither the Commonwealth of Pennsylvania nor any municipal subdivisions thereof, nor children thereof, are benefited by the charity, it is not entitled to the tax exemption. In other words, appellant argues that for the exemption to be granted there must be a quid pro quo to the Commonwealth, some of its municipalities or people. Thus, if under-privileged children from Pennsylvania received the benefits of this Camp, appellant grants that it would be entitled to exemption.

Article IX, Section 1, of the Constitution of this Commonwealth, after providing that all taxes shall be uniform, recites: ". . . but the General Assembly may, by general laws, exempt from taxation. . . actual places of religious worship, . . . [and] institutions of purely public charity. . ." Thus the Constitution does not forbid the General Assembly to exempt from taxa-

tion institutions of purely public charity which redound to the benefit of only non-residents of the state. It is, of course, true that the General Assembly can limit the exemption to institutions of public charity from which residents of the state receive a benefit. But it is also true that the General Assembly has not done so.

The Act of 1943, P. L. 571, 72 PS §5453.202 (a) provides: "The following property shall be exempt from all [local taxation] . . . to wit: . . . (3) All hospitals . . . institutions of learning, benevolence or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by public or private charity. . ." It is admitted that The Infants Welfare League Camp, Inc. is maintained entirely by private charity. The appellant seeks to construe this statute, under the so-called "quid pro quo" theory that the "spirit" or "intention" is to limit the exemption so that this Commonwealth receives some benefit in exchange. The argument has much validity if addressed to the General Assembly. It seems clear, however, that our courts cannot rewrite the Act to accord with appellant's contentions. Section 51 of the Statutory Construction Act (46 PS §551) reads: ". . . Every law shall be construed, if possible, to give effect to all its provisions. When the words of a law are clear and free from all ambiguity, *the letter of it is not to be disregarded under the pretext of pursuing its spirit. . . ."* (Italics supplied).

Appellant contends that §52 of the Statutory Construction Act (46 PS §552) has application. This reads: "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: . . . (5) That the Legislature intends to favor the public interest as against any private interest." But in *Common-*

*wealth ex rel. Cartwright v. Cartwright et al.,* 350 Pa. 638, 40 A. 2d 30, the Supreme Court stated: "When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." In the same case it was also held that "the court cannot, under its powers of construction, supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted." It *may* have been the intention of the Legislature to reserve for the benefit of the Commonwealth, its municipal subdivisions, or its residents, the exemption from taxes provided by the Act of 1943, supra. It certainly has not done so, nor has any such distinction been made in any of the antecedent Acts.[1]

Since the tax exemption statute is free from all ambiguity, we may not speculate on the *possible* intention of the Legislature.

Decree affirmed.

---

[1] Act of 1874, P. L. 158, as amended by the Acts of 1901, P. L. 319, 1909, P. L. 54, and 1911, P. L. 898; and Act of 1919, P. L. 1021, as amended by the Acts of 1921, P. L. 119, 1925, P. L. 39, 1925, P. L. 388.