## Commonwealth v. Reese

*Alfred Nittle*, assistant district attorney, for Commonwealth.

*James R. Charron*, for defendant.

BARTHOLD, P. J., January 17, 1955.—Defendant Franklin E. Reese was prosecuted by a justice of the peace upon an information which charged defendant with violating subsection (a) of section 1002 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §501, in that he operated a 1950 Ford sedan on May 28, 1954,

in Bushkill Township, Northampton County, Pa., at a greater rate of speed than was reasonable and proper having due regard to the traffic surface, and width of the highway.

Defendant waived a hearing and filed an appeal in the court of quarter sessions. At the hearing upon the appeal defendant moved to quash the information and dismiss the proceeding on the ground that the information failed to specify the speed at which defendant is alleged to have driven.

Subsection (a) of section 1002, under which defendant was prosecuted, provides:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

Subsection (e) of section 1002 provides:

"In every information charging violation of this section, reference shall be made to this section and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven."

The information in the instant case does not specify defendant's alleged speed. The motion to quash, therefore, raises the specific question, do the provisions of subsection (e) apply to prosecutions under subsection (a)?

There is a conflict in the decisions of the lower courts of Pennsylvania on this question. Several lower courts have decided that the requirement of subsection (e) as

to specification of defendant's speed does not apply to prosecutions under subsection (*a*) : Commonwealth v. Hazy, 66 D. & C. 451 (Montgomery County) ; Commonwealth v. Feyka, 62 D. & C. 353, 356 (Beaver County) ; Commonwealth v. Weber, 33 D. & C. 488 (Lancaster County). The basis for these decisions is that in situations covered by subsection (*a*) it would be almost impossible to fix the speed of a motor vehicle except by the general statement "too fast for conditions", hence the effectiveness of The Vehicle Code would be impaired if a more accurate specification of speed were required, a result which is absurd, unreasonable and not intended by the legislature. Other lower courts have taken the opposite view and have decided that the words used by the legislature in subsection (*e*) are clear and free from ambiguity, and therefore cannot legally be interpreted to exclude subsection (*a*) from their operation without doing violence to the express mandate of the legislature: Commonwealth v. Fry, 65 D. & C. 551 (Franklin County) ; Commonwealth v. Stroh, 71 D. & C. 378 (Lycoming County). We agree with this view.

When language of a statute is plain and unambiguous and conveys a clear meaning there is no occasion for resorting to rules of statutory construction, and the statute must be given its plain and obvious meaning,[1] and the court may not speculate as to the possible intention of the legislature.[2] Construction of a statute is necessary only if the expressions used will bear two

[1] Yellow Cab Co. of Phila. v. Unemployment Compensation Board of Review, 170 Pa. Superior Ct. 625.

[2] Rich v. Meadville Park Theatre Corp., 360 Pa. 338; Com. ex rel. Cartwright v. Cartwright, 350 Pa. 638; Com. v. Chester County Light and Power Co., 339 Pa. 97; Appeal of Infants Welfare League Camp, 169 Pa. Superior Ct. 81; Appeal of Liberty Firemen's Social Club, 168 Pa. Superior Ct. 500.

or more meanings.[3] When the words of a law are clear and free from ambiguity the letter is not to be disregarded under the pretext of pursuing its spirit.[4]

Section 1002 of The Vehicle Code is penal in nature and therefore it must be strictly construed.[5]

Section 1002 of The Vehicle Code is captioned "Restrictions as to Speed". Subsection (*a*), requiring the driver of a vehicle to drive at a careful and prudent speed under existing conditions, creates a complete offense separate and distinct from every other offense defined in section 1002: Commonwealth v. Klick, 164 Pa. Superior Ct. 449, 452. Subsections (*b*) and (*c*) specify the maximum speeds varying from 10 to 70 miles per hour at which motor vehicles may be driven under certain conditions. Subsection (*d*) sets forth the manner in which the speed of motor vehicles may be timed and ascertained. Subsection (*e*) provides: "In *every* information charging violation of *this section*, reference *shall* be made to this section and subsection alleged to have been violated, *specifying the speed at which the defendant is alleged to have driven*." (Italics supplied.)

In our opinion it is significant that the legislature, in express terms, made subsection (*e*) applicable to the whole of section 1002 and not to a portion thereof. The express words of the legislature may not be ignored where their meaning is plain and obvious. The words "this section", contained in subsection (*e*), cannot possibly refer to any other section than section 1002. In these circumstances the court may not speculate as to the possible intention of the legislature.

---

[3] Commonwealth ex rel. Kelley v. Pommer, 330 Pa. 421; City of Phila. v. Schaller, 148 Pa. Superior Ct. 276.

[4] Statutory Construction Act, art. IV, sec. 51, 46 PS §551.

[5] Commonwealth v. Anspach, 134 Pa. Super. Ct. 369, 371; Commonwealth v. Wolfgang, 120 Pa. Super. Ct. 252, 255; Statutory Construction Act, art. IV, sec. 58, 46 PS §558.

The requirement that speed be specified in the information is not absurd, impossible of execution or unreasonable. Obviously, to sustain a conviction under subsection (a), there must be competent evidence as to speed. No conviction could be properly sustained on testimony that defendant was driving too fast for conditions. Conclusions of this nature as to speed are not admissible: Warruna v. Dick, 261 Pa. 602; Tolomeo et al. v. Harmony, etc., et al., 349 Pa. 420.

The necessity for competent evidence as to speed in prosecutions under subsection (a) is forcibly pointed out by Wingerd, P. J., in Commonwealth v. Fry, 65 D. & C. 551, 553, 555:

"As a practical matter, with reference to subsection (a), how can a court decide whether a speed is greater than is reasonable and proper under the conditions, which must be described, unless the speed is shown, and how can a court say that a person was driving at a speed greater than would permit bringing the vehicle to a stop within the assured clear distance ahead unless the speed were shown, the clear distance ahead were shown and there was evidence within what distance a vehicle going at the speed at which the vehicle in question was traveling could be stopped. As the whole question involved is based on the speed, the speed must be shown and, as the speed must be shown, defendant has the right to know at what speed it is alleged he was traveling. . . . Because there may be cases in which the rule set by the legislature makes it difficult to allege the basis on which it is contended that defendant violated The Vehicle Code, or seems a hardship upon those having the burden to prove a defendant's violation thereof, is to our mind no reason to hold that the express provision of The Vehicle Code does not apply. . . . Many of the cases where it would be practically impossible to allege the speed at which defendant was traveling when he was driving in a

manner which was in disregard of the rights of others, or in a manner so as to endanger any person or property, can be prosecuted under section 1001(a), which is headed 'Reckless Driving'."

Inasmuch as defendant was prosecuted under subsection (a) of section 1002 and was not informed of his violation as directed in subsection (e) of section 1002, defendant's motion to quash the information and dismiss the proceedings must be granted.

### Order

And now, January 17, 1955, it is ordered that the information be quashed, and that the proceedings be dismissed at the cost of Northampton County.