## West Indies Mission Appeal.

Argued November 14, 1956. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*J. R. Simpson*, with him *Fisher, Ruddock & Simpson*, for appellant.

*Earl R. Handler* and *G. S. Parnell*, with them *Parnell, Handler & Malcom*, for appellees.

OPINION BY GUNTHER, J., January 17, 1956:

This is an appeal from the order of the court below, which held that the appellant was not entitled to an exemption from real estate taxes as a public charity. The appellant recently came into ownership and pos-

session of over 900 acres of land in Indiana County and thereupon filed an application for exemption from local taxation. The Board of Tax Assessments and Revision of Taxes granted a partial exemption. On appeal the court below denied the right to any exemption whatsoever.

The West Indies Mission, the appellant, is a nonprofit corporation dedicated to nonsectarian missionary work in the West Indies. None of its actual missionary work is conducted within the territorial limits of the United States of America. The land in question, which constitutes approximately 6½% of the taxable real estate in the township, is used by appellant as its headquarters. There live the headquarters staff and their families as well as those missionaries who occasionally return from the West Indies for rest and rehabilitation. Meetings and conventions are also held there as well as training of new missionaries. In addition some farming is done in order to defray expenses.

Article IX, §1 of the Constitution of Pennsylvania authorizes the legislature to create certain tax exemptions, as follows: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, institutions of *purely public charity* . . ." (Italics supplied). The exemption sought by appellant was enacted in the Act of May 21, 1943, P. L. 571, Art. II, Section 202, 72 P.S. 5453, 202 as follows: "(a) The following property shall be exempt from all county, borough, town, township, road, poor, county institution district and school (except in cities) tax, to wit:

(3) All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by public or private charity: Provided, that the entire revenue derived by the same be applied to the support and to increase the efficiency and facilities thereof, the repair and the necessary increase of the grounds and buildings thereof and for no other purpose."

The court below held that appellant is not a purely public charity within the meaning of the Constitution and the Act of 1943 because all the beneficiaries of its work are non-residents of the Commonwealth of Pennsylvania. The rationale of this position is the quid pro quo theory which was well expounded by Justice MAXEY in *Y. M. C. A. of Germantown v. Phila.*, 323 Pa. 401, at p. 413, 187 A. 204: "Taxes are not penalties but are contributions which all inhabitants are expected to make (and may be compelled to make) for the support of the manifold activities of government. Every inhabitant and every parcel of property receives governmental protection. Such protection costs money. When any inhabitant fails to contribute his share of the costs of this protection, some other inhabitant must contribute more than his fair share of that cost. There are substantial reasons why an institution wholly devoted to public charity should be exempt from taxation, since one of the duties of the government is to provide food and shelter for the poor. Any institution which by its charitable activities relieves the government of part of this burden is conferring a pecuniary benefit upon the body politic, and in receiving exemption from taxation, it is merely being given a 'quid pro quo' for its services in providing something which otherwise the government would have to provide. Just as the exemption

of the property of a municipality is founded on the fact that the municipality is a governmental agency of the State, vested by the State with a part of its sovereignty, and employed in aiding the State in matters of government and the execution of its laws, so likewise the exemption from taxation of institutions of public charity is founded on the fact that such a charity is assuming a share of the public burden. The measure of an institution's gratuitous aid to those requiring it is the measure by which the government is relieved of its responsibilities. It is therefore just that an institution which assumes pro tanto the taxpayer's burden should be relieved of its own tax burden."

We agree with the court below that appellant does not properly come within the definition of a "purely public charity." The scope and purposes of such a charity, as to warrant a tax exemption, were well set forth in the above quotation from *Y. M. C. A. of Germantown v. Phila.* In *Hill School Tax Exemption Case,* 370 Pa. 21, 87 A. 2d 259, the Supreme Court recently expounded the same definition, emphasizing that the exempt charity must lessen the burdens of government: "It is difficult to give a definition of a charitable use which is both accurate and comprehensive. In Fire Insurance Patrol v. Julia F. Boyd, supra, p. 645, the definition of Justice GRAY of the Supreme Court of Massachusetts, in Jackson v. Phillips, 14 Allen 539, 556, was adopted by this Court. It is: 'A charity, in the legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens

of government.' . . ." The principle of relieving government of burden and responsibility as a basis for determining a purely public charity was also applied in *Dougherty v. Phila.*, 139 Pa. Superior Ct. 37, 11 A. 2d 695.

Since all the charitable activities of appellant are carried on outside not only the Commonwealth but the United States, it is clear that it does not and cannot relieve the burden of our government or the taxpayers of any responsibilities. It cannot therefore be classed as a purely public charity within the meaning of Article IX, Section 1, of the Constitution or the Act of 1943 and is not entitled to a tax exemption.

Appellant cites the case of *Infants Welfare League Camp, Inc., Tax Assessment Case*, 169 Pa. Superior Ct. 81, 82 A. 2d 296, in which an exemption was granted for land in Pennsylvania owned by a New York charity for the purpose of providing a camp for underprivileged children from New York. In that case it was conceded that it was a public charity.

Decree affirmed.