Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* William A. Selby, Appellant.

274

Argued January 8, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Mark B. Segal*, for appellant.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, June 23, 1976:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) which

held that the nonfault overpayment of benefits to William A. Selby, appellant, must be recovered by recoupment from future benefits payable during periods of subsequent eligibility. The Board concluded that the Bureau of Employment Security (Bureau) had paid Selby $510 during a period of unemployment for which he was ineligible to receive compensation, this overpayment having been made as a result of an erroneous determination by the Bureau that Selby was eligible for benefits from the first week of October 1972 through November 9, 1972. The error in the Bureau's determination arose through no fault of Selby, and in no way did he misrepresent or omit any material information necessary to a proper evaluation of his application for benefits. It was disqualifying information subsequently received from his employer which brought about the reversal.[1] Given these facts, the Board concluded that the nonfault overpayments to Selby should be recouped in accordance with Section 804(b) of the Unemployment Compensation Law[2] (Act), 43 P.S. §874(b) which then provided as follows: "(b) Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but *shall be liable to have such sum deducted from any future compensation payable to him with respect to*

---

[1] Selby had become unemployed and apparently became eligible to receive benefits in August of 1972. At the time of his application for benefits, he informed the Bureau that he would have voluntarily left his employment in October even had he not been laid off in August. As a result, he would have been rendered incligible for benefits beginning in October. Nevertheless, the Bureau continued to pay him benefits until November 9, 1972 when it discovered its error upon receiving information from the employer, which was the same as that given by Selby at the time of his application.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

*such benefit year, or the three-year period immediately following such benefit year*: Provided, That with respect to overpayments of one hundred dollars or more, recoupment from such future compensation shall not exceed one-third of the maximum benefit amount to which such person is entitled during any such subsequent benefit year nor one-third of the weekly benefit amount to which such person may be entitled for any particular week. *In the absence of misrepresentation or non-disclosure of a material fact, no recoupment shall be had if such overpayment is created by reason of (1) a subsequent reversal of a decision of eligibility under the provisions of section five hundred one (e) of this act . . . ."* (Emphasis added.)

We believe that the appellant should be entitled to an exception from the recoupment provisions of Section 804(b) of the Act inasmuch as that Section provides that no recoupment shall be made where the overpayments resulted from a reversal of a prior determination of eligibility under provisions of Section 501(e) of the Act, 43 P.S. §821(e). A reversal under Section 501(e) would be a reversal on appeal from a prior determination of eligibility. Here the claimant's determination of eligibility was reversed not on appeal but upon the initiative of the Bureau when it realized the error made in its original determination. We have given serious thought to the purposes the General Assembly might have had in mind in deciding to prohibit recoupment from that class of individuals whose unemployment compensation claims are reversed on appeal while at the same time allowing recoupment from a class whose claims are reversed by non-appeal procedures, and, having so considered the matter, we fail to find any rational basis for making such a distinction. Of course, fundamental to the concept embodied in the 14th Amendment to the United States Constitution that a state must afford its citizens equal

protection of the laws, is the notion that classifications in the law must have a rational basis. To subject the instant appellant to recoupment because his eligibility was reversed upon the initiation of the Bureau but to relieve others from recoupment merely because their eligibility was reversed on appeal appears to lack such a basis and, therefore, lacks the basic elements of equal protection of the laws. We believe, therefore, that the Board improperly directed that the claimant's overpayments be recouped from future benefits payable.

Although it is no longer necessary to the disposition of this case, we have not failed to consider the appellant's principal argument that nonfault recoupment contravenes the purposes and provisions of the Social Security Act, 42 U.S.C. §501 et seq. which must be satisfied to enable federal participation in the administration of state unemployment compensation programs.

Applicable provisions of the Social Security Act show an intent to provide benefits to those persons who become unemployed through no fault of their own. *California Department of Human Resources Development v. Java,* 402 U.S. 121 (1971). Pursuant to its provisions, the administration of state unemployment compensation laws must be "reasonably calculated to insure full payment of unemployment compensation when due . . . ." 42 U.S.C. §503(a)(1). The appellant suggests that the Pennsylvania legislation which permits recoupment of past overpayments by making deductions from future benefits creates a conflict with this directive. He cites as analogous decisions which hold that recoupment provisions in state laws providing aid to families with dependent children (AFDC) contravene the purpose of applicable provisions of the Social Security Act, which show an intent to protect needy and dependent children and which dictate that state programs be administered so that "aid to fami-

lies with dependent children shall . . . be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. §602(a)(10). *See Cooper v. Laupheimer*, 316 F. Supp. 264 (W.D. Pa. 1970); *accord, Bradford v. Juras*, 331 F. Supp. 167 (D. Or. 1971). These decisions have held that the state's duty is breached if an otherwise eligible child is deprived of his or her full benefits when deductions are made therefrom to recoup overpayments made during prior benefit periods, and such recoupment provisions were declared void and unenforceable as a violation of the supremacy clause of the United States Constitution.

At first thought the appellant's analogy is compelling because it would seem that paying less than the full amount of unemployment compensation to an eligible individual would no less frustrate the federal purpose of making "full payment when due" than would paying less than full welfare amounts to needy children. Careful examination of the purpose of unemployment compensation laws, however, suggests that recoupment of unemployment compensation in this manner does not so clearly contravene federal purposes as does recoupment of welfare benefits. In the first place, welfare benefits are granted to individuals who are in want of satisfying their basic needs, whereas unemployment compensation is available without regard to need but as a substitute for wages to enable those who are unemployed to seek new employment without having to resort to welfare benefits. *Java, supra.* The Social Security Act provisions that unemployment compensation be paid in full when due, therefore, have emphasized the importance of timely payment of benefits rather than the amount of benefits to be paid. *Java, supra.* And it might be successfully argued that recoupment provisions which reduce the amount of the benefit received do not necessarily contravene the federal purposes if they do not delay

receipt of the remaining payable benefits. *See Gilles v. Department of Human Resources Development,* 113 Cal. Rptr. 374, 521 P.2d 110 (1974). (Having decided, however, that William A. Selby was entitled to an exception from the recoupment provision, we need not also decide this close issue.) Accordingly, we issue the following

## ORDER

AND Now, this 23rd day of June, 1976, the decision and order of the Unemployment Compensation Board of Review is hereby reversed.

Judge KRAMER did not participate in the decision in this case.