Evelyn A. Cardenas, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

544

Argued June 9, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*John Stember,* with him *Michael A. Nemec,* for appellant.

*Bernadette A. Duncan,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., July 14, 1978:

This case comes before us on appeal following a decision of the Unemployment Compensation Board of Review (Board) which upheld a referee's determination that petitioner was liable for a nonfault overpayment in the amount of $656.00. We affirm the Board.

Petitioner applied for unemployment benefits on January 18, 1976, and was found to be eligible by the Bureau of Employment Security (Bureau). Accord-

ingly, petitioner began to receive benefits totaling $82.00 per week. An appeal was taken from the Bureau's determination by petitioner's employer, and a referee then reversed the Bureau and declared petitioner ineligible for benefits. The petitioner did not appeal from this determination. Petitioner had received a total of $656.00 in benefits for the eight week period preceding the referee's determination.

Following the referee's decision, the Bureau determined on May 5, 1976 that claimant had received a nonfault overpayment in the amount of $656.00, and would be liable for repaying that amount out of future benefits. On appeal, both the referee and the Board upheld the Bureau's determination. This appeal then followed.

Section 804(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874(b), governs our decision in this case. This section provides in part that where there is a nonfault overpayment of benefits, the claimant shall be liable to have this sum deducted from any future payments during that initial benefit year, as well as the three year period immediately following the benefit year. Section 804(b) also provides in part that:

> no recoupment shall be had if such overpayment is created by reason of (1) a subsequent reversal of two decisions of eligibility under the provisions of section five hundred one (e) of this act. . . .

The Bureau, which was affirmed by the referee and the Board, determined that petitioner did not come within this exception since there had been only one decision of eligibility, namely that by the Bureau.

Petitioner avers that there is no rational basis for the distinction made in Section 804(b) between a claim-

ant who receives a single determination of eligibility, and one who receives two determinations of eligibility. Petitioner also alleges that allowing recoupment for a nonfault overpayment conflicts impermissibly with Section 303(a)(1) of the Social Security Act, 42 U.S.C. §503(a)(1).[1] We cannot accept either contention.

In *California Department of Human Resources Development v. Java*, 402 U.S. 121 (1971), our United States Supreme Court held that Section 303(a)(1) requires that the state provide prompt payment of benefits to those who are eligible. In complying with this statutory provision, it is natural that, through the fault of no one, some benefits will be erroneously paid out. This mistake will often be corrected after a hearing before a referee, although it may also be corrected by the Bureau upon its receipt of additional information. Therefore, if we were to accept petitioner's argument the Bureau would be penalized for its compliance with the positive mandates of Federal law, since it would be unable to recoup benefits promptly, but erroneously, paid out. We cannot believe this was the intent of the Congress.

In *Blount v. Smith*, 440 F.Supp. 528 (M.D. Pa. 1977), a challenge was made to Section 402(g) of the Unemployment Compensation Law, 43 P.S. §802(g), which provides for the denial of benefits to those claimants who had previously obtained compensation through fraud. The district court ruled that this provision was not in conflict with Section 303(a) of the Social Security Act, 42 U.S.C. §503(a). In so ruling the court stated that "it is only through prevention of payments to those who are ineligible that the Unem-

---

[1] This section provides in part, that the administration of state unemployment compensation laws must be "reasonably calculated to insure full payment of unemployment compensation when due. . . ." 42 U.S.C. §503(a)(1).

ployment Compensation Fund retains sufficient resources to provide adequately for those the act is designed to help." *Blount v. Smith, supra,* at 532. We find this reasoning to be fully applicable here.

In addition we note that the recoupment provisions in question do not prevent a claimant from receiving the full amount of benefits to which he is properly entitled. Section 804(b) of the Unemployment Compensation Law, 43 P.S. §874(b), merely establishes a set-off of a set percentage of the overpayment against those benefits which the claimant may receive at some future time following a determination that recoupment is appropriate. The claimant is in no way penalized for the nonfault payment of benefits, since in the end he still receives the full amount of benefits. Section 804(b) merely takes into account the fact that the claimant has, in essence, received an advance on the benefits to which he is currently entitled.

We next find petitioner's contention that Section 804(b) is unconstitutional to be without merit. Petitioner relies on *Unemployment Compensation Board of Review v. Selby,* 25 Pa. Commonwealth Ct. 273, 360 A.2d 254 (1976). In that case this Court struck down a prior provision of Section 804(b) which did not allow recoupment when there was a reversal of a decision of eligibility by means of an appeal, but did allow recoupment when the reversal was made by the Bureau on its own initiative. Since we could find no rational basis for this classification, we ruled it unconstitutional as a denial of equal protection.

The instant provision does not suffer from a similar defect. Initially, we note that the legislature could simply provide that there must always be recoupment in the event of an overpayment. It has instead provided an exemption in those cases where there is a reversal following two determinations of eligibility. As

548

the brief for the Board correctly states, a reversal after two favorable determinations will normally be due to a different interpretation afforded a legal issue, and not due to the receipt of any new factual information. While the legislature's decision to exempt from recoupment this particular class of claimants may not be perfect, it does not lack a rational basis and is therefore constitutional. As was stated in *Blount v. Smith, supra,* at 532:

> In the administration of social welfare programs such as the Unemployment Compensation law the state has broad discretion, the only requirement being that the program be managed in a manner that is rational and nondiscriminatory.

Accordingly, we will enter the following

ORDER

AND Now, July 14, 1978, the decision of the Unemployment Compensation Board of Review, No. B-140825, dated February 16, 1977, is affirmed.