**David A. DIVELY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1998.

Decided Oct. 8, 1998.

Richard J. Orloski, Allentown, for petitioner.

Judith M. Gilroy, Harrisburg, for respondent.

Before McGINLEY and SMITH, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Claimant David A. Dively petitions for review of the November 25, 1997 order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision and order finding that he is responsible for an overpayment of $6,708.00 under Section 804(b)(3) of the Unemployment Compensation Law (the Law).[1] We affirm.

---

1.  That section provides as follows:

    (3) Notwithstanding any other provisions of this subsection, any person who has received or employer who has made a back wage payment pursuant to an award of a labor relations board arbitrator or the like without deduction for unemployment compensation benefits received during the period to which such wages are allocated shall notify the department immediately of the receipt or payment of such back wage award. The recipient of such back wage award, made without deduction for unemployment compensation benefits received during the period, shall be liable to pay into the Unemployment Compensation Fund an amount equal to the amount of such unemployment compensation benefits received.

    Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(b)(3).

Employed by T.B. Woods & Sons until July 15, 1994, Claimant received unemployment compensation benefits for the periods of July 17, 1994 through January 21, 1995 and July 20, 1997 through August 9, 1997. (Finding of Fact No. 2.) On August 28, 1997, Employer's attorney sent the Job Center a letter advising it that the federal court had awarded Claimant back wages for the period of July 15, 1994 through August 4, 1997 in the amount of $110,000.00 for wrongful termination. (Original Record "O.R.," Item No. 3.) By letter dated September 10, 1997, Claimant's attorney advised Claimant that a jury had returned a verdict in his favor in the amount of $67,000.00 for compensatory damages for lost wages. (O.R., Item No. 5.)[2]

The local Job Center office sent Employer's counsel a letter indicating that Claimant had received unemployment compensation benefits in the amount of $6,708.00 for the weeks that were compensated to Claimant by the back wage award of the federal court. (Finding of Fact No. 4.) Employer's attorney forwarded that letter to Claimant's attorney. (Finding of Fact No. 5.)

In the interim, the local Office of Employment Security issued a notice of determination under two separate docket numbers disapproving Claimant for benefits under Sections 401 and 4(u) of the Law for the weeks at issue and establishing an overpayment under Section 804(b)(3) for the weeks at issue in the amount of $6,708.00.[3] (Finding of Fact No. 6.) In response, Claimant's attorney sent a letter to the local office representative indicating that he should be able to keep $2,236.00 as compensation for legal representation and pay the Unemployment Compensation Fund $4,472.00 in full satisfaction of the $6,708.00 received by Claimant

in benefits that were ultimately covered by the federal back wage award.[4] (Finding of Fact No. 7; O.R., Item No. 7.)

As the referee found, "[t]he claimant does not dispute the amount of $6,708.00 as the amount due and owing to the Pennsylvania Unemployment Compensation Fund but contends that, since the local office representative sent a letter to the company attorney, which was in turn forwarded to his attorney, the Commonwealth of Pennsylvania, in effect, hired his attorney so that the Unemployment Compensation Fund should be charged with the attorney's fee." (Finding of Fact No. 8; October 21, 1997 Hearing before the Referee, N.T. 4, 6.)

The referee considered two issues: (1) whether Claimant was "employed" under Sections 401 and 4(u) for the weeks at issue; and (2) whether Claimant is responsible for a Section 804(b)(3) overpayment for the weeks at issue. The referee determined that Claimant was ineligible for benefits for the weeks at issue because he did not fall within the definition of "unemployed." In addition, the referee concluded that there is nothing in the record indicating that the Fund should be charged with a fee paid to Claimant's attorney and that Claimant is responsible for the entire $6,708.00 overpayment amount.

Without issuing an independent decision, the Board affirmed. On appeal to this Court, Claimant raises only an issue relating to the overpayment: whether the Board erred in refusing to permit Claimant to deduct reasonable attorney's fees from the amount due as an overpayment resulting from his receipt of back wages.[5]

Citing workers' compensation subrogation cases, Claimant argues that, where as here,

---

2. Apparently, Claimant's counsel received approximately one-third of the $110,000.00 as his fee in the federal case.

3. 43 P.S. §§ 801, 753(u) and 874(b)(3).

4. In that September 12, 1997 letter from Claimant's counsel to the Job Center, counsel represented that he is holding the $6,708.00 in the firm's trust account. At the September 15, 1998 oral argument before a panel of this Court, counsel indicated that he continues to hold that amount in the trust account.

5. The Board contends that Claimant was appropriately disqualified from receiving benefits and that he did not appeal from that ruling. Specifically, it notes that, since he did not contest the ruling that he was not "unemployed" during the weeks at issue due to his receipt of a back pay award allocable to that time period, that conclusion is conclusive on appeal. *Savage v. Unemployment Compensation Board of Review*, 89 Pa. Cmwlth. 61, 491 A.2d 947, 950 n. 6 (Pa.Cmwlth. 1985). We agree.

the employer receives a pecuniary benefit to which it would not have been entitled absent Claimant's attorney's successful work, attorney's fees should be paid from the fund which his attorney created.[6] Claimant also contends that simple principles of fairness dictate that the Commonwealth ought to contribute to the attorney's fees where but for the attorney's actions, there would be no fund to establish an overpayment. He notes the equitable nature of subrogation. *See Pennsylvania Mfrs.' Ass'n Ins. Co. v. Wolfe,* 534 Pa. 68, 626 A.2d 522 (1993).

In addition, Claimant alleges that, under an established common law duty, the Fund ought to contribute to the legal expenses of recovering funds subject to subrogation rights. In support of this argument, he cites non-workers' compensation cases where settlements were the subject of subrogation. *E.g., Wilson v. Bensalem Twp. School District,* 27 Pa.Cmwlth. 609, 367 A.2d 397 (Pa. Cmwlth.1976); *Furia v. Philadelphia,* 180 Pa.Super. 50, 118 A.2d 236 (Pa.Super.1955).

The Board contends that, under the express language of the Law, recoupment of the entire overpayment must be made. It cites *Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board,* 110 Pa.Cmwlth. 233, 532 A.2d 60 (Pa.Cmwlth.1987) in support of its argument.

■ In that case, we noted that the General Assembly had provided two alternative methods for the recoupment of unemployment compensation benefits paid to a claimant who is awarded back wages and proceeded to analyze the applicability of Sections 704 and 804(b)(3) of the Law, 43 P.S. §§ 864, 874(b)(3).

Under Section 704, the employer is implicitly given the authority to deduct from the back wages award that amount of unemployment compensation benefits 'for which he has become ineligible by reason of the award.' The employer then must pay a sum of money equal to the amount of the deduction to the [Fund]. In the alternative, *if the employer does not make such a deduction from the back wages award, it or the employee, under Section 804(b)(3), must notify the Office of Employment Security ... of the receipt of the back wages award. The Office will then, through its own efforts, collect from the employee that amount equal to the unemployment compensation benefits received 'during the period to which such wages are allocated.'* *Id.* 532 A.2d at 63 (emphasis added). "[T]he two sections taken together require that the [Fund] be replenished by an amount equal to those unemployment compensation benefits, either by the employer deducting that amount from the back wage award and paying it back into the Fund or by the Office collecting it from the employee itself." *Id.*

■ As the Board points out, there is simply no provision in the Law that would allow, much less require, that the Board forgive an amount attributable to attorney's fees on an overpayment due and owing to the Fund. Where the General Assembly never acted to create a provision for the deduction of attorney's fees from an amount due on an overpayment from the receipt of back wages, we decline to legislate. *Commonwealth v. Rieck Inv. Corp.,* 419 Pa. 52, 213 A.2d 277 (1965) (it is not for the court to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include); *Latella v. Unemployment Compensation Board of Review,* 74 Pa.Cmwlth. 14, 459 A.2d 464 (Pa. Cmwlth.1983) (where certain things are specifically designated in a statute, all omissions should be understood as exclusions); *Appeal of Infants Welfare League Camp, Inc.,* 169 Pa.Super. 81, 82 A.2d 296 (Pa.Super.1951) (the court cannot, under its own powers of construction, supply omissions in a statute, particularly where it appears that the matter may have been intentionally omitted).

The Board also points out that the case law cited by Claimant concerning workers' compensation subrogation and common law rec-

---

6. *See, e.g., LTV Steel Co. v. Workmen's Compensation Appeal Board (Morrow),* 690 A.2d 1316 (Pa. Cmwlth.1997); *Chomas v. Workmen's Compensation Appeal Board (Volkswagen of America),* 148 Pa.Cmwlth. 442, 611 A.2d 803 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 532 Pa. 666, 616 A.2d 986 (1992); *Chovan v. Wheeling–Pittsburgh Steel Corp.,* 30 Pa.Cmwlth. 127, 373 A.2d 136 (Pa.Cmwlth.1977).

ognizes by statute and precedent that subrogation in those particular settings is not only acceptable, but encouraged. The Board contends that, if the General Assembly had wanted attorneys doing civil actions to receive fees at the expense of the Fund, it could have made that provision by statute. We agree.

In 1936, the General Assembly created the Unemployment Compensation Fund. Section 601 of the Law, 43 P.S. § 841. Section 601 contains multiple subsections and is very specific as to the administration of the Fund. Significantly, there is no provision for paying out fees to attorneys doing civil actions. As we noted in *Cardenas v. Unemployment Compensation Board of Review*, 36 Pa. Cmwlth. 543, 388 A.2d 765 (Pa.Cmwlth.1978),

> [i]n the administration of social welfare programs such as the Unemployment Compensation law the state has broad discretion, the only requirement being that the program be managed in a manner that is rational and nondiscriminatory.

*Id.* 388 A.2d at 767 (quoting *Blount v. Smith*, 440 F.Supp. 528, 532 (M.D.Pa.1977)).

Accordingly, we affirm the Board's order finding that Claimant is responsible for an overpayment of $6,708.00.

### ORDER

AND NOW, this 8th day of October, 1998, the November 25, 1997 order of the Unemployment Compensation Board of Review is hereby affirmed.