Anthony Brennan et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Audrey P. Peterson et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Renee S. Ouslander et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 15, 1984, before Judges Rogers, Doyle and Colins, sitting as a panel of three.

*Bruce M. Ludwig, Stephen A. Sheller & Associates,* for petitioners.

*Richard F. Faux,* Associate Counsel, with him, *Charles Hasson,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, November 29, 1984:

Anthony Brennan, Audrey P. Peterson and Renee S. Ouslander, representative claimants[1] of Intermittent Intake Interviewers of the Office of Employment Security (OES), appeal from orders by the Unemployment Compensation Board of Review, which, granting unemployment benefits based the amount of benefits on the claimants' highest quarterly wages. The claimants contend that, according to Section 404(a)(1) of

---

[1] *Anthony Brennan* and Thomas Revello at No. 2417 C.D. 1982; *Audrey P. Peterson,* Rhoda L. Friedman, Mary H. Smith, Nettie McArthur, Karen Stanton and Dean F. Martinson at No. 909 C.D. 1983.; and *Renee S. Ouslander,* Helen Plattenberger, Lorraine Walls, Florence Sacks, and Wayne Hettinger at No. 910 C.D. 1983.

the Pennsylvania Unemployment Compensation Law,[2] their unemployment benefits should be calculated instead at fifty per cent of their full-time weekly wages.

Because the petitions for review raise identical legal issues and concern claimants with the same employment status, we have consolidated their appeals in the present proceedings.

Intermittent Intake Interviewers process claims for unemployment benefits and perform other clerical duties related to unemployment compensation services. They are civil service employees, selected from the ranks of applicants who pass a civil service examination. After six months' probation, they become regular employees accorded permanent status. As the title of the job classification denotes, they work whenever unemployment compensation claims peak. When they are called into work, they perform duties which are identical to the duties of full-time OES compensation interviewers, and they work 37.5 hours a week, the full-time hours of OES employees. When the work load decreases and the claimants are placed in a no-pay status, each remains an OES employee, subject to recall at any time. When the work load increases, they are recalled to active pay status on the basis of seniority.

The controlling statute in this case, Section 404 of the Unemployment Compensation Law, provides two methods for computing an employee's weekly benefit rate. The statute is pertinently the following:

Compensation shall be paid to each eligible employee in accordance with the following provisions of this section except that compensation payable with respect to weeks ending in benefit years which begin prior to the first day of July,

2 Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(a) (1).

one thousand nine hundred sixty-four, shall be paid on the basis of the provisions of this section in effect at the beginning of such benefit years.

(a) (1) *The employe's weekly benefit rate shall be computed as (1) the amount appearing in Part B of the Table Specified for the Determination of Rate and Amount of benefits on the line on which in Part A there appears his "highest quarterly wage," or (2) fifty per centum (50%) of his full-time weekly wage, whichever is greater.*

(2) If the base year wages of an employe whose weekly benefit rate has been determined under clause (2) of paragraph (1) of this subsection are insufficient to qualify him under subsection (c) of this section, his weekly benefit rate shall be redetermined under clause (1) of paragraph (1) of this subsection.[3] (Emphasis added.)

In the Brennan cases, the referee, Joseph W. Bewick, held that the claimants were entitled to unemployment benefits computed at fifty per cent of their full-time weekly wages. Referee Bewick wrote that Subsection 404(a) of the Law and 34 Pa. Code §65.-113(c), the board regulation, remedied the condition existent before 1955 that part or short-time workers did not receive compensation at the rate of fifty per cent of their weekly wage.

Code §65.113 reads as follows:

(a) It is an objective of the Pennsylvania Unemployment Compensation Program that an

---

[3] All of the claimants had base year wages sufficient to qualify them for either calculation of their weekly benefit rate allowed by Section 404(a) (1).

unemployed, eligible claimant shall be compensated for at least 50% of his weekly wage loss, subject to the maximum weekly benefit rate fixed by law.

(b) Prior to 1955, computation of the weekly benefit rate of the claimant was based exclusively upon his weekly earnings during that calendar quarter of his base year in which he has the greatest amount of wages in covered employment.

(c) *When a claimant has experienced irregular or short term employment in his base year, the high quarter formula of subsection (b) of this section has occasionally failed to compensate the claimant at the rate of 50% of his weekly wage. Section 404(a) of the Law (43 P.S. §804(a)) remedies this condition effective with benefit years commencing on or after May 1, 1955, to provide an alternate formula for computing a claimant's compensation rate, that is 50% of his full-time weekly wage, whichever is greater.* (Emphasis added.)

In the Peterson and Ouslander cases, the referees found that the claimants were contingent or extra employees not hired to work full time and held that they were disqualified from receiving benefits of at least fifty per cent of their full-time weekly wages by a regulation at 34 Pa. Code §65.114(2) which provides:

(2) An employe who is employed in an occupation in which the remuneration is based solely on commission with no fixed or guaranteed minimum, or an employe hired as a contingent or extra employe, or one hired for less than the full-time work week of the establishment, shall be deemed not to have a full-time weekly wage on the basis of that employment.

On appeal, the Board of Review (board) modified the referee's decisions in the Brennan cases and affirmed the decisions in the other two petitions, awarding benefits in all cases based on the claimants' highest quarterly wages. The board concluded that Regulation 65.114(2) precluded the claimants from being given base year credit for a full-time weekly wage, because they were employed as intermittent employees, that is, hired for less than full-time work. The board determined that Regulation 65.113(c) applies only to those employees who are hired to work full time, but who in practice work less than full time.

The claimants contend that 34 Pa. Code §65.114(2) is invalid because it is inconsistent with the express language and purpose of Section 404(a)(1) of the Unemployment Compensation Law. We agree.

Although the Department of Labor and Industry, as other agencies, may promulgate regulations interpreting legislation pertinent to their duties, their regulations may not be contrary to the intendment of the statutory provisions to which they relate. *Pennsylvania State Education Association v. Department of Public Welfare,* 68 Pa. Commonwealth Ct. 279, 286, 449 A.2d 89, 93 (1982).

We hold 34 Pa. Code §65.114(2) to be invalid because it excludes from the benefits of the optional calculation allowed of Section 404(a) a category of employees which was intended to be included; and that §65.114(2) is not consistent with the broad, humanitarian purpose of the Act or with the language of the statute. In *Penn Hills School District v. Unemployment Compensation Board of Review,* 496 Pa. 620, 437 A.2d 1213 (1981), the Supreme Court declared, not for the first time, that the purpose of the Unemployment Compensation Law is to provide economic security to employees who become unemployed through no fault

of their own, and that this purpose is "the keystone upon which the individual sections of the Act must be interpreted and construed." *Id.* at 624, 437 A.2d at 1215. Benefits may not be denied unless there is explicit language in the act which clearly and plainly excludes the worker from its coverage. *Penn Hills; Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A.2d 898 (1946).

There is no indication in Section 404 that any category of workers should be excluded from the full scope of benefits; to the contrary, the statute provides all claimants with the more favorable of two methods of calculating a weekly benefit rate; and it specifies in pellucid fashion that all employees are entitled to that method of calculation which allows the greater benefit.

The board relies on *Womeldorf v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 565, 449 A.2d 865 (1982), as authority for ascertaining these claimants' weekly wages by a method of averaging the hours worked in a base year. *Womeldorf* is inapposite. That case concerned the threshold determination under 43 P.S. §753(u) of the Law which provides that an "individual shall be deemed unemployed . . . with respect to any week of less than his full-time work. . . ." Ms. Womeldorf had worked as a clerk for the United States Postal Service. During her earlier years of this employment, she worked as many as twenty-two hours a week; later, her hours decreased to five to six hours a week and she applied for compensation. The board determined her full-time work-week by averaging her weekly hours during the base year finding that she worked 11.46 hours; the board concluded based on this calculation that she became unemployed as a result of the reduction of her hours. In this case, it is undisputed that each of the

claimants when working worked a full-time work-week of 37.5 hours; therefore, they never had less hours per week than a full-time work-week.[4]

In finding Regulation 65.114(2) to be invalid, we are disinclined to discuss the remaining arguments raised by the claimants concerning the board's alleged errors of fact and law. We hold that Regulation 65.-114(2) is invalid because it is in direct conflict with the mandate of the Unemployment Compensation Law. We reverse the orders below and remand the records for the computation of benefits in all cases consistent with the opinion.

ORDER IN 2417 C.D. 1982

AND Now, this 29th day of November, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed; the record is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

ORDER IN 909 C.D. 1983

AND Now, this 29th day of November, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed; the record is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

---

[4] We also note that it is questionable as to whether the claimants were contingent or extra employees in the first instance. In *McAllister Unemployment Compensation Case (Hogan Corp. v. Unemployment Compensation Board of Review)*, 191 Pa. Superior Ct. 289, 156 A.2d 546 (1959), longshoremen subject to a "shape up" hiring system, were held not to be contingent employees, and to be eligible for fifty per cent of the full-time weekly wage rate. The petitioners' contend that *Hogan* is also authority for their position that they were not contingent employees excluded from the more favorable computation under Section 404(a)(1).

238

ORDER IN 910 C.D. 1983

AND Now, this 29th day of November, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed; the record is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.