Philadelphia Newspapers, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Thomas J. Bender, Jr., Dilworth, Paxson, Kalish & Levy,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

Opinion by Judge Craig, March 19, 1981:

Philadelphia Newspapers, Inc. (PNI) petitions this court for review of the Unemployment Compensation Board of Review's award of partial unemployment compensation benefits to claimant Wende Woehr, affirming the referee's conclusion that she was able and available for full-time work.[1]

After claimant's separation from a previous employer, PNI hired claimant on July 10, 1978 as a part-time ad taker, scheduled to work approximately ten hours a week. On January 7, 1979, claimant applied for compensation benefits, contending that she was available for full-time work.

PNI, in protesting the award, asserted that claimant was ineligible under Section 402(a),[2] failure to accept suitable work when offered, because she did not apply for any of the full-time positions which PNI's personnel department had posted on the company bulletin board, pursuant to a collective bargaining agreement.

Both the referee and the board found that, because claimant never rejected an offer of full-time employment by PNI, she was genuinely and realistically attached to the labor market.

PNI now insists that claimant is ineligible for partial benefits because she applied and was hired only for part-time work. In addition, PNI asks that we view the posting of job openings as constituting offers

---

[1] Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d).

[2] The relevant portion of that section states:

An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe *or to accept suitable work when offered to him by the employment office or any employer*. . . . (Emphasis supplied.)

of full-time employment for which claimant was qualified but failed to apply.

We cannot classify the posted job openings as offers of employment by PNI, because they created no power of acceptance in claimant or any other employee.[3] The posting merely served as a vehicle to solicit applications for the openings from current workers; PNI clearly reserved the right to evaluate the applicants' qualifications before proffering any position. Therefore, there was no competent evidence upon which the board could have based a finding that the claimant refused an offer of full-time work. *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A.2d 181 (1973).

However, the primary criterion of eligibility for benefits, as specified in Section 3 of the Act, is that claimants be "unemployed." The statutory definitions of "unemployment," found in Section 4(u), include the following:

> An individual shall be deemed unemployed ... (II) with respect to any week of *less than his full-time work* if the remuneration paid or payable to him with respect to such a week is less than his weekly benefit rate plus his partial benefit credit. (Emphasis added.)

43 P.S. §753(u).

Thus, because the claimant is currently employed for approximately ten hours a week, the only respect in which she could be considered unemployed is if she has been working "less than [her] full-time work"

---

[3] The *Restatement (Second) of Contracts* §24 describes an offer as a manifestation of willingness to enter into a bargain, which would justify another person in understanding that his assent to that bargain is invited and will conclude it. An offer creates a power of acceptance in a specified offeree to transform the offeror's promise into a contractual obligation.

week. We note that the statute does not rely upon terms such as "forty hours," but rather characterizes "full-time" with reference to the *particular employee*. The import of that reference is illuminated if we refer to Section 302(a)(2),[4] which reads in part:

> (2) Notwithstanding the provisions of paragraph (1) of this subsection, *if* the department finds that *an individual subsequent to separation from his normal full-time work is continuing part-time work for an employer, other than the employer from whom he has separated,* compensation paid to such individual with respect to any week of unemployment occurring subsequent to such separation and while such part-time work continues without material change, shall not be charged to the account of such part-time employer; provided, such part-time employer has filed a notice with the department in accordance with its rules and regulations and within the time limits prescribed therein. (Emphasis added.)

Thus we can see that, with reference to the full-time concept, the law looks to the employee's "normal full-time work", here the work from which the claimant was separated before commencing part-time work.[5]

In most cases, a finding of unemployment is implicit in the factfinder's reference to the circumstances of a claimant's separation from his or her position. Here, however, neither the referee nor the board has made any finding that the claimant is unemployed, or,

---

[4] 43 P.S. §782(a)(2).

[5] Before us, PNI has not made any claim suggesting that the claimant's previous employer may be chargeable under Section 302 (a)(2). Because no such question has been involved in the case as appealed to us, the record does not indicate whether an explanation may rest upon non-compliance with the proviso of Section 302(a)(2) or some other reason.

as is required by the nature of claimant's present situation, that her current weekly hours are less than her full-time work week, as revealed by her previous employment history.

The record, vague on the matter of claimant's previous employment, does not aid us in our review of claimant's challenged eligibility. The only undisputed fact is that, since the commencement of her employment with PNI, claimant has never worked less than the minimum ten hours per week upon which she and PNI initially agreed.

Appellate review is impossible when findings of fact on a vital issue are inadequate. *Dick v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 285, 417 A.2d 841 (1980). Accordingly, we must remand to the board for the necessary findings. *Berry v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 478, 406 A.2d 842 (1979).

### ORDER

AND Now, March 19, 1981, the order of the Unemployment Compensation Board of Review, No. B-179767, dated January 16, 1980, is vacated, and this case is remanded for proceedings consistent with this opinion.