Judith Womeldorf, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. United States Postal Service, Intervenor.

Argued June 11, 1982, before Judges BLATT, WILLIAMS., JR. and DOYLE, sitting as a panel of three.

*Jerome H. Gerber,* with him *James L. Cowden, Handler and Gerber, P.C.,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *James K. Bradley,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*Bruce Joel Jacobsohn,* for intervenor.

OPINION BY JUDGE WILLIAMS, JR., September 2, 1982:

Claimant had worked as a "flexible clerk" for the United States Postal Service (employer) for slightly over twelve years when she filed a claim for partial unemployment benefits under Section 4(u) of the Unemployment Compensation Law (Act).[1] As a flexible clerk, working during the absence of regular employees, she was guaranteed only four hours of work during each two-week pay period, but was required to be available for as many hours as the employer needed her services.

The claimant testified that she frequently worked as many as twenty-two hours a week during the earlier years of her employment, but her hours decreased to between five and six hours per week during the last quarter of 1977. When they remained at that level, she applied for benefits in February, 1978.

The Unemployment Compensation Board of Review (Board) made four findings of fact, only one of which is actually at issue before this Court: "The claimant's full-time work is 11.46 hours per week."[2]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(u), which states that:

An individual shall be deemed unemployed . . . (II) with respect to any week of less than his full-time work. . . .

[2] The Board determined that the claimant was eligible for benefits to the extent that she worked less than her full-time work (*i.e.* 11.46 hours) for each of the compensable weeks at issue.

Claimant contends that the Board erred as a matter of law in determining that the phrase "his full-time work" in Section 4(u)(II) of the Act refers to the full-time work of the individual claimant, as opposed to the full-time work of the regular worker at claimant's place of employment.

Our scope of review in these cases is limited in the absence of fraud, to a determination of whether the Board has committed any error of law, or made any finding not supported by the evidence. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). In formulating the contested finding here, the Board decided that it must initially determine what constituted full-time work for this particular claimant. We find that to be an accurate analysis of the wording of Section 4(u). *See Philadelphia Newspapers, Inc. v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 639, 641-42, 426 A.2d 1289, 1290 (1981), wherein we said:

> the only respect in which she could be considered unemployed is if she has been working "less than [her] full-time work" week. We note that the statute does not rely upon terms such as "forty hours," but rather characterizes "full time" with reference to the *particular employee.* (Emphasis in original.)

To ascertain the number of hours per week which could be considered full-time work for this claimant, the Board examined a table of the hours worked each week during the base year.[3]. It found the average to be 11.46 hours per week. Since this finding is supported by the record, and this Court detects no error in the Board's application of the law, we hereby affirm.

---

[3] 43 P.S. §753(a).

### ORDER

AND Now, this 2nd day of September, 1982, the Decision and Order of the Unemployment Compensation Board of Review, No. B-186362, is hereby affirmed.