Jeffrey Watkins, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard J. Catalano, Catalano and Catalano,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, April 25, 1985:

Jeffrey Watkins, Claimant, appeals here two orders[1] of the Unemployment Compensation Board of Review (Board) affirming the referee's decision finding Claimant no longer "unemployed" within the meaning of Section 4(u) of the Pennsylvania Unemployment Compensation Law[2] and, therefore, pursuant to Section 401 of the Law,[3] ineligible to receive unemployment benefits. The Board also affirmed the

---

[1] One order denies Watkins' claim for federal supplemental compensation under his application for benefits filed October 4, 1981. The other order denies Watkins' claim for regular benefits under his application for benefits filed October 3, 1982.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(u).

[3] 43 P.S. §801.

determination that Claimant had received benefits to which he was not entitled and thus had been overpaid.[4]

Section 401 of the Law establishes as the primary criterion of eligibility for benefits that a claimant be "unemployed " "Unemployed" is defined at Section 4(u) in pertinent part as follows:

An individual shall be deemed unemployed . . . (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

Claimant is currently employed in the housekeeping department at the Jewish Home and Hospital for the Aged (Jewish Home) in Pittsburgh, Pennsylvania and has been so employed since August 9, 1982. Claimant's current employment followed a lengthy period of unemployment after he was laid off by United States Steel Homestead Works on October 1, 1981. While Claimant was advised at the outset by his current employer that he was being hired on a "temporary part-time" basis and though, initially, he worked several thirty hour weeks, Claimant has been working thirty-seven and one-half hours a week since September, 1982. The Jewish Home considers thirty-seven and one-half hours a full-time work week.

Claimant contends on appeal that he is still "unemployed" within the meaning of Section 4(u) because he works two and one-half fewer hours per week than at his former job with United States Steel; therefore, pursuant to Section 401 of the Law, he is entitled to partial benefits equal to his entitlement based upon

---

[4] Both the Office of Employment Security and the referee determined that the improper receipt of benefits was due to no fault on the part of the Claimant and, therefore, labeled the over-payment a non-fault recoupable over-payment pursuant to Section 804(b) of the Law, 43 P.S. §874(b).

his base year wages with United States Steel less his earnings in his employment with the Jewish Home.

Claimant cites as binding authority for his contention *Philadelphia Newspapers, Inc. v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 639, 426 A.2d 1289 (1981). We do not believe that *Philadelphia Newspapers* mandates payment of partial benefits to Claimant. We emphasized in *Philadelphia Newspapers* that in determining when someone is unemployed for purposes of Section 4(u) and 401 of the Law, one should focus *not* upon numbers but rather upon the individual circumstances. If we analyze Claimant's argument, he would have us do the opposite; for he directs our attention to and has us compare, the number of hours worked in his prior employment with those in his current employment.

As noted, we must examine Claimant's particular circumstances. He was laid off from a job where the normal work week is at least forty hours; he currently works for an employer whose normal work week is thirty-seven and one-half hours. We believe that Claimant, in accepting an offer of employment from an employer whose full-time work week is thirty-seven and one-half hours, has consented to a reduction in hours in *his* work week for purposes of Section 4(u) and is, therefore, no longer "unemployed." It is, after all, the practice of many employers to offer only thirty-seven and one-half hours per week to its full-time employees and the Unemployment Compensation System need not compensate individuals who manifest their tacit approval and the desirability of a shorter work week by accepting the employer's offer of employment.

The Act should be liberally construed, of course, to insure that employees who become unemployed through no fault of their own are provided with some semblance of economic security. *Darby Township v.*

*Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 284, 429 A.2d 1223 (1981). Nevertheless, we cannot contemplate that the framers of the Act intended to compensate an individual whose work week is only slightly abbreviated upon accepting an offer of employment after a ten month lay-off. Certainly, the Legislature cannot be presumed to intend an absurd or unreasonable result to follow from its enactments. Section 1922 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922.

Departmental regulations lend support to our decision to affirm the Board. Section 63.35 of Title 34 of the Pennsylvania Code defines, *inter alia,* "part-time" to aid in administering Section 302(a)(2) of the Law, 35 P.S. §782(a)(2), which provides that the account of an employer who employs an individual part-time shall not be charged provided the part-time employer files notice with the department. The regulation defines "part-time" as

Work other than normal full-time work of a claimant with a regular base year employer which is ordinarily performed for less than the total number of hours or days customarily worked in the business, occupation, or industry.

Claimant works the total number of hours customarily worked at the Jewish Home. He is not unemployed within the meaning of Section 4(u) of the Law, and, therefore, is ineligible to receive unemployment compensation pursuant to Section 401 of the Law. Because Claimant received benefits to which he was not entitled, he has been overpaid.

Therefore, both orders of the Board in their entirety will be affirmed.

ORDER

Now, April 25, 1985, the orders of the Unemployment Compensation Board of Review, No. B-215692,

16

dated March 8, 1983, and No. B-215693, dated March 8, 1983, are affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.