511 A.2d 286

Lincoln Borough, a Municipal Corporation, Petitioner v. Employer Accounts Review Board of the Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Employment Security, Commonwealth of Pennsylvania, Respondent.

Argued March 13, 1986, before Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*Marianna E. Specter,* with her, *Stephen Israel,* for petitioner.

*Sean F. Creegan,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, June 27, 1986:

Lincoln Borough (petitioner) appeals a decision of the Employer Accounts Review Board (Board) which determined that the petitioner was obligated to reimburse the Office of Employment Security for a portion of the benefits received by a part-time employee who had been laid off by another employer from his full-time work.

Emil Vallecillo (claimant) was hired as a part-time policeman by the petitioner in 1981, at which time he was also employed full-time by United States Steel (U.S. Steel). In 1982 U.S. Steel furloughed the claimant, who retained his part-time employment with the petitioner and who remains so employed. The claimant thereafter filed an application for unemployment compensation benefits which was granted, and he received a total of $6,257 in benefits between June 1983 and March 1984.

At all times relevant the petitioner was a "reimbursable employer" under Sections 1201 through 1204 of the Pennsylvania Unemployment Compensation Law (Law),[1] having filed an Election of Reimbursement form pursuant to the provisions of Section 1202.3 of the Law, 43 P.S. §912.3. On that form, the petitioner agreed to pay an amount equal to the amount of benefits paid and charged to its account, as provided by Section 1202.2(a) of the Law, which pertinently provides:

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§911-914.

Any political subdivision of the Commonwealth . . . which . . . is or becomes liable to the contribution provisions of the [Law] may, in lieu of payment of such contributions, elect to pay to the department for the Unemployment Compensation Fund, an amount equal to the amount of . . . benefits . . . paid, . . . that is attributable to service in the employ of such political subdivision. . . .

43 P.S. §912.2(a).

The claimant had earned $10,445 during 1982, his base year,[2] of which 24% ($2,468) was earned in the petitioner's employ. The petitioner was correspondingly billed for $1,501.68 representing 24% of the $6,251 in benefits paid to the claimant. This was done pursuant to the provisions of Section 1108 of the Law, which provides in pertinent part:

If benefits paid to an individual are based on wages paid by more than one employer and one or more of such employers are liable for payments in lieu of contributions. . . .

(a) . . . the amount of benefits payable by each employer that is liable for payments in lieu of contributions shall be an amount which bears the same ratio to the total benefits paid to the individual as the total base-year wages paid to the individual by such employer bear to the total base-period wages paid to the individual by all of his base-period employers.

43 P.S. §908.

---

[2] For the purposes of determining eligibility and calculating benefits, Section 4(a) of the Law defines "base year" as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." 43 P.S. §753(a).

The petitioner first contends that Section 1202.2 may not be used as authority for assessing it because that section does not state that it, or any similarly-situated subdivision, is liable for the contribution provisions of the Law. We disagree, however, for the Law clearly applies to services performed in the employ of political subdivisions, and political subdivisions subject to the Law, such as the petitioner, all are required to pay contributions on remuneration paid for employment. Sections 1201 and 1202.1 of the Law, 43 P.S. §§911 and 912.1. Section 1202.2 further provides, of course, that, by electing to pay on a reimbursement basis, a political subdivision may be excused from compliance with the contribution provisions. 43 P.S. §912.2. We note, moreover, that the Election of Reimbursement form filed by the petitioner reflects that it effectively conceded its liability to the contribution provisions of the Law and to the applicability of Section 1202.2(a).

The petitioner further asserts that the provisions of Section 1108 likewise have no applicability to it, arguing that the introductory terms of that section indicate that it pertains only to employers who are liable for payments in lieu of contributions. As we have already determined, however, the petitioner is such an employer and may not, therefore, deny the applicability of this section.

The petitioner also contends that its right to equal protection is violated because, under certain circumstances, the Law grants relief from charges to contributing employers by the terms of Section 302(a), 43 P.S. §782(a), but does not there provide such relief to "reimbursable" employers. We would preliminarily observe, however, that, notwithstanding the petitioner's assertion that the disparate treatment of reimbursable employers is fundamentally unfair, no fundamental right

or suspect category is implicated in the classifications here concerned. Accordingly, the legislative classification must be sustained unless it is patently arbitrary and without a rational relationship to a legitimate state goal. *Grossinger v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 241, 485 A.2d 80 (1984). Moreover, Section 302 provides that the department shall establish, for all contributing employers, a "reserve account" which, *inter alia,* is to be credited with all contributions paid by the employer and charged with all compensation paid to each claimant who received benefits attributable to his employment with such an employer. Pursuant to Section 302(a)(2) of the Law, however, the account of a part-time "contributing" employer shall not be charged with compensation paid to an employee separated from his full-time work while the part-time employment continues without material change. 43 P.S. §782(a)(2). Our review of the Law, therefore, indicates that the legislature set forth the relief from charges provisions in that portion of the Law concerning contributing employers,[3] to whom the "reserve account" provisions are applicable, while the reimbursable employers are governed by different portions of the Law.[4] They have *elected* not to participate as contributing employers in the benefit system, and are not subject to the reserve account provisions or to the obligation of making regular contributions. Contributing employers, for example, have their contribution rates affected by the levels maintained in their reserve accounts, and their rate of contribution is adjusted upwards when the reserve accounts fall too low as a consequence of a proportionately large number of claims.

---

[3] The provisions are set forth in Article III, Sections 301-314 of the Law, 43 P.S. §§781-794.

[4] The pertinent provisions are set forth in Articles X-XII, Sections 1001-1204 of the Law, 43 P.S. §§891-914.

Contributions must be made, however, regardless of whether or not former employees are receiving, or have received, benefits. Payments are required only from employers electing reimbursement, however, when claims have been actually paid. Moreover, unlike payments made by reimbursable employers, part of the payments made by contributing employers is used to fund benefits which are not charged to particular employers' accounts. *See* Section 301.1(a) and (e) of the Law, 43 P.S. §781.1(a) and (e) (referring to computation of State Adjustment Factor as one of three factors aggregated to determine contribution rate). It should be further noted that the petitioner's continued employment of the claimant afforded it some relief to the extent that part-time earnings partially off-set the amount of benefits which the claimant receives. *See* Section 404(d) of the Law, 43 P.S. §804(d).

We conclude, therefore, that a rational basis exists to justify the classification and disparate treatment afforded the two groups of part-time employers with respect to the relief from charges.

We will, therefore, affirm the order of the Employer Accounts Review Board.

ORDER

AND NOW, this 27th day of June, 1986, the order of the Employer Accounts Review Board in the above-captioned matter is affirmed.