595 A.2d 641

**Louis B. BERGER, Jr., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 12, 1991.

Decided July 10, 1991.

140

Daniel H. Glammer, for petitioner.

John E. Herzog, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Senior Judge.

CRAIG, President Judge.

Claimant Louis B. Berger Jr. appeals from an order of the Unemployment Compensation Board of Review (board) which affirmed the referee's decision that the claimant was no longer unemployed within the meaning of section 4(u) of the Pennsylvania Unemployment Compensation Law[1] and, therefore, pursuant to section 401 of the Law, 43 P.S. § 801, the claimant was ineligible to receive unemployment benefits. Additionally, the board also affirmed the referee's determination that the claimant received a nonfault overpayment and would be liable for repaying that amount out of future benefits.

On appeal to this court, the claimant contends (1) that he is able and available for work and therefore eligible for benefits, (2) that his due process rights were violated because the referee refused to accept written argument, (3)

---

1. Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

that the imposition of a nonfault recoupable overpayment violates his equal protection rights, and (4) that the recoupment of the nonfault overpayment is barred by estoppel.

The board's findings, which are undisputed, are as follows:

1.  During the period involved in this appeal, claimant was an employee of Montgomery County in its Public Defender's office at $14,000 a year.

2.  Claimant had previously been employed by Wyeth Labs where he had worked for 13 years at approximately $24,000 a year.

3.  Claimant's weekly benefit rate is $262.00 and his partial benefit credit is $105.00.

4.  Full-time work with Wyeth Labs was 40 hours per week.

5.  Full-time work with the County of Montgomery was 33.75 hours per week, which the claimant worked during the weeks at issue.

6.  The claimant was aware that 33.75 hours per week was considered full-time by the employer.

7.  Because claimant was receiving less than his weekly benefit rate, plus his partial benefit credit, he applied for unemployment compensation benefits receiving partial benefits in the amount of $97.00 per week, plus a dependency allowance of $8.00 per week for each of the weeks involved in this appeal.

8.  The claimant received $1,470.00 in benefits to which he was not entitled through no fault of his own as he was misled by the local office regarding what constitutes full-time employment.

### 1.  Available For Work

■ Although the claimant presently is employed for 33.75 hours per week, he contends that he is available to work additional hours and therefore is entitled to unemployment compensation.

However, section 4(u) of the Law, 43 P.S. § 753(u) defines unemployment for the purpose of compensation eligibility as follows:

[a]n individual shall be deemed unemployed ... (II) with respect to *any week of less than his full-time work* if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit. (Emphasis added.)

In this case, the claimant works 33.75 hours per week which is considered full-time by his employer. The claimant does not dispute that he is employed full-time. Because the claimant's employment status does not fit within the Law's definition of "unemployed", he is ineligible for compensation. *Watkins v. Unemployment Compensation Board of Review*, 89 Pa.Commonwealth Ct. 11, 491 A.2d 935 (1985).

## 2. Written Argument

■ The claimant contends that he was denied due process because the referee refused to allow him to submit a written brief.

However, because the claimant did not raise that issue before the board, we may not consider it here. *Simpson v. Unemployment Compensation Board of Review*, 79 Pa.Commonwealth Ct. 536, 469 A.2d 733 (1984).

## 3. Recoupment

■ The claimant, being ineligible for benefits and therefore subject to recoupment, contends that section 804(b) of the Law, 43 P.S. § 874(b), violates his right to equal protection because there is no rational basis for exempting only a particular class of claimants from recoupment. That section provides:

no recoupment shall be had if such overpayment is created by reason of (i) a subsequent reversal of two decisions of eligibility under the provisions of section five hundred one (e) of this act or (ii) the subsequent receipt of holiday pay, vacation pay or the like of which the person had no knowledge, or (iii) a subsequent determination that

the person's base year wages were not earned in employment as defined in this act.

The claimant relies on *Unemployment Compensation Board of Review v. Selby*, 25 Pa.Commonwealth Ct. 273, 360 A.2d 254 (1976). In that case, this court held that a prior provision of section 804(b) of the Law, 43 P.S. § 874(b), violated the claimant's right to equal protection because no rational basis for the classification existed. That provision did not allow recoupment when there was a reversal of a decision of eligibility by means of an appeal, but did allow recoupment when the reversal was made by the bureau on its own initiative.

In *Cardenas v. Unemployment Compensation Board of Review*, 36 Pa.Commonwealth Ct. 543, 388 A.2d 765 (1978), this court again addressed the constitutionality of amended section 804(b), in relation to exception item (i). The court stated:

> Initially, we note that the legislature could simply provide that there must always be recoupment in the event of an overpayment. It has instead provided an exemption in those cases where there is a reversal following two determinations of eligibility. As the brief for the Board correctly states, a reversal after two favorable determinations will normally be due to a different interpretation afforded a legal issue, and not due to the receipt of any new factual information. While the legislature's decision to exempt from recoupment this particular class of claimants may not be perfect, it does not lack a rational basis and is therefore constitutional. *Id.* 36 Pa.Commonwealth Ct. 547, 548, 388 A.2d at 767.

With *Cardenas* settling the matter of exception item (i), this court now needs to address only exception items (ii) and (iii) in section 804(b). The first of these, where a claimant has received holiday pay unknowingly, is rationally distinguishable from the present situation, where the claimant knew all of the factual aspects involved. The present situation is also unlike a reversed determination as to base

year wages. This court cannot fault the legislature as having made an irrational classification.

### 4. Estoppel

██ Finally, the claimant contends that the nonfault recoupment is barred by estoppel. In *Pennsylvania Liquor Control Board v. Venesky*, 101 Pa.Commonwealth Ct. 456, 516 A.2d 445 (1986), *petition for allowance of appeal denied*, 515 Pa. 590, 527 A.2d 549 (1987), this court summarized the elements which must be demonstrated in order to apply the doctrine of equitable estoppel to a Commonwealth agency. The party to be estopped must have (1) intentionally or negligently misrepresented some material fact, (2) knew or had reason to know that the other party would justifiably rely on the misrepresentation, and (3) induced the other party to act to his detriment because of his justifiable reliance on the misrepresentation.

In this case, the claimant did rely on information given to him by a bureau employee that, even though the employer considered 33.75 hours per week a full-time position, the bureau considered 33.75 hours to be part-time employment. However, there is no detriment to the claimant in this case. The recoupment provisions do not prevent the claimant from receiving the full amount of benefits to which he has been and will be entitled. Recoupment in the future "merely takes into account the fact that claimant has, in essence, received an advance on the benefits to which he is [then, in the future,] currently entitled." *Cardenas*, 42 Pa.Commonwealth Ct. at 547, 388 A.2d 767. Thus, the claimant is not penalized by a nonfault recoupment of benefits because he will have received the full amount of benefits to which he is entitled, considering past, present and future entitlement.

Accordingly, the decision of the board is affirmed.

### ORDER

NOW, July 10, 1991, the decision of the Unemployment Compensation Board of Review, decision No. B–284194, dated August 16, 1990, is affirmed.

PELLEGRINI, J., concurs in the result only.

This decision was reached before the retirement of Senior Judge CRUMLISH.