616 A.2d 175

**CORNING GLASS, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent. (Two Cases)**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1992.

Decided Oct. 8, 1992.

Amended Order Oct. 16, 1992.

Mark A. Fontana, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, and Randall S. Brandes, for respondent.

Before McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Corning Glass (Employer) appeals from an order of the Unemployment Compensation Board of Review (Board) reversing the Referee's decision and awarding partial compensation benefits to representative claimants Lois Amati and Jean Lane (Claimants) based on a change in their work schedule.

Claimants represent employees in the finishing group at Employer's Charleroi plant which operates 24 hours per day, seven days a week. In January 1992, pursuant to the management rights clause in the applicable collective bargaining agreement, Employer changed the finishing group from their traditional rotating schedule of seven consecutive work days with two to four days off to a rotating schedule of four days work, 48 hours off. The four days work, 48 hours off schedule coincided with the schedule of the other main group of employees at the plant, the forming group. Employer made the change in scheduling so that the two groups of employees would have consistent schedules that would enhance communication between the groups and improve team integrity.

The four days work, 48 hours off schedule rotates the shifts which the employees work, and systematically the employees work five days (40 hours) or six days (48 hours) per week for most of the year. However, during seven or eight weeks of the year, the employees work only four days per week or 32 hours of work. As a result, the employees' work week averages 42 hours, just as it did under the seven day schedule.

After the change, the employees will earn more during the year because they average more hours per week at the premium pay.[1]

After the first week in which they worked only 32 hours due to the rotation schedule, each Claimant filed for partial unemployment compensation benefits because they did not work the minimum of 40 hours per week as they had under their previous schedule. The Office of Employment Security determined that Claimants were entitled to partial benefits.[2] Employer appealed the determination for Claimants and others similarly situated. It requested that the cases be consolidated for hearing before the Referee, with Claimants' cases used as representative cases. After hearing the representative cases, the Referee denied benefits, finding that Claimants were not unemployed because they worked the normal full-time schedule which incorporates some short work weeks as a result of shift rotation. Claimants appealed the Referee's denial to the Board. The Board granted benefits because it found that a work week of 32 hours is less than Claimants' average work week of 42 hours. Employer then filed this appeal.[3]

Employer contends that Claimants are not entitled to compensation benefits for unemployment because they worked their full-time schedule assigned to them for the weeks in question due to the rotation schedule. The Board contends that Claimants are entitled to compensation benefits because, during the weeks in question, they worked less hours than normal or less than their average work week of 42 hours.

1. Employer estimated that an employee earning $10.00 per hour would earn $312.00 more per year under the four days work, 48 hours off schedule. (R.R. 25a, 40a).

2. The original determination found and Employer has not challenged that for the weeks in question, Claimants earned less than the maximum weekly benefit amount, plus the maximum partial benefits credit. Section 4(u) of the *Unemployment Compensation Law*, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753(u).

3. Our scope of review is limited to whether the Board committed an error of law, violated constitutional rights, or whether the findings of fact are supported by substantial evidence. *Administrative Agency Law*, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Under Section 401 of the *Unemployment Compensation Law* (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 801, the primary criterion for the receipt of unemployment compensation benefits is that the employee "is or becomes unemployed". To qualify for partial benefits, an individual is "unemployed" where:

. . . . .

(II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

Section 4(u) of the Law, 43 P.S. § 753(u).

In order for a claimant to be unemployed under Section 4(u) of the Law, during the weeks in question he must have been working less than his normal full-time work. In determining what is "full-time work", "one should focus *not* upon numbers, but rather upon the individual circumstances." *Watkins v. Unemployment Compensation Board of Review,* 89 Pa.Commonwealth Ct. 11, 491 A.2d 935 (1985). The statute does not refer to forty hours, but looks at what is the particular employee's full-time work. *Philadelphia Newspapers v. Unemployment Compensation Board of Review,* 57 Pa.Commonwealth Ct. 639, 426 A.2d 1289 (1981).

Because the focus is on the particular circumstances, what is the full-time work of the employee is defined by the employer and the employee within the context of their employment relationship. *Berger v. Unemployment Compensation Board of Review,* 141 Pa.Commonwealth Ct. 139, 595 A.2d 641 (1991). In *Berger,* although the employee was working only 33.75 hours per week and contended that he was available to work more hours, the employee agreed that the employer considered 33.75 hours a full-time schedule. We held that because he was working his full-time schedule, the employee was not partially unemployed. *Id.* at 143, 595 A.2d at 643. In *Watkins,* we held that because the employee had accepted a position with an employer who considered 37.5 hours full-time work, he could not claim that he was unemployed or "working less than his full-time work" based on his previous job where

he had worked 40 hours. *Watkins,* 89 Pa.Commonwealth Ct. at 14, 491 A.2d at 937.[4]

The Employer considered Claimants full-time employees working a full-time schedule applicable to their shift. Claimants themselves did not contend that they were not full-time employees during a work week of 32 hours or that the new schedule was not a normal full-time schedule within the plant. It is the nature of shift work that the shifts must rotate and the rotation schedule may cause fluctuations in the hours worked per week. Given the particular circumstances of Claimants' jobs, the four days work, 48 hours off schedule is Claimants' normal full-time work, and as a result of the schedule, weeks may require 40 hours, 48 hours or 32 hours of work based on the rotation of shifts.

Where, as here, the reduction in any one week is a result of a schedule fluctuation and not an attempt by an employer to reduce the overall number of hours worked, an employee is not entitled to compensation benefits. Under both the old and the new schedule, Claimants worked an average of 42 hours per week and will receive the same or more salary for the year. The only change was in the number of days worked in particular weeks, and under the collective bargaining agreement covering Claimants, scheduling was a matter within Employer's discretion. Because the change in work schedule did not result in Claimant's losing hours or wages, the Claimants are not working less than their full-time work and are not unemployed. Claimants did not meet the requirements of Section 401 of the Law and are not entitled to unemployment

4. The Board cited *Womeldorf v. Unemployment Compensation Board of Review,* 68 Pa.Commonwealth Ct. 565, 449 A.2d 865 (1982), as the basis for its contention that it may properly compute a claimant's full-time work by averaging the hours worked by the claimant. This court's holding in *Womeldorf,* which was decided before *Watkins* and *Berger,* is a narrow one that does not approve an averaging system for determining full-time work. The claimant's circumstances in *Womeldorf* are distinguishable because she was a part-time employee who had worked widely varying hours with no set schedule on which to base the determination of "full-time work" and whose work requirements had dropped dramatically; in contrast, in this case, Claimants had a set schedule of full-time work, recognized by both parties, which fluctuated only between 32, 40 and 48 hours of work.

compensation benefits.[5] Accordingly, the order of the Board is reversed.

## ORDER

AND NOW, this 16th day of October, 1992, the orders of the Unemployment Compensation Board of Review, dated February 3, 1992, Nos. B–296242 and B–296243, are reversed.

5. Employer also contends that Claimants are not entitled to compensation benefits because they were not available for other work under Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1). The Board stated in its decision that Employer waived that issue by assuming that the reference to Section 401 and 401(d) in the Petition for Appeal (to the Referee) was a typographical error. We find absolutely no merit in that assumption by the Board. In fact, a clear reading of the record shows that Employer cited the relevant section in the Petition for Appeal and raised the issue of availability for work several times during the hearing (R.R. 30a, 34a and 37a). The Board erred in holding that the issue was waived; however, in light of our decision on the first issue, we need not further address availability for work.