BLOOMSBURG UNIVERSITY OF PENNSYLVANIA OF THE STATE SYSTEM OF HIGHER EDUCATION, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 25, 1996.

Decided March 13, 1997.

Reargument Denied May 7, 1997.

---

Wayne S. Melnick, Harrisburg, for petitioner.

Paul R. Jordan, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Bloomsburg University (Bloomsburg) petitions for review of the April 19, 1996, order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision awarding Claimant waiting week credit, partial benefits and finding Bloomsburg responsible for payment of a portion of partial unemployment compensation benefits awarded to Michael R. Boykin (Claimant). We affirm in part and reverse in part.[1]

This appears to be a case of first impression before this court. Claimant concurrently worked full-time for two different employers, Heinz Pet Products (Heinz) and Bloomsburg for approximately nineteen months. He was first hired by Bloomsburg in 1992 as a full-time employee, regularly working 37.5 hours per week. About one year later, he was hired by Heinz as a full-time employee, working regularly a rotation of four twelve-hour days one week and three twelve-hour days every other week, until June 12, 1995, when he was discharged for "missing days." (R.R. 22a, 24a, 25a.)

---

1. This case was reassigned to the authoring judge on December 6, 1996.

Claimant actually worked a total of 73.5 (37.5 + 36) hours every other week, and alternately 85.5 (37.5 + 48) hours every other week after he started working for Heinz. The Board combined Claimant's work time for the two jobs to arrive at an average figure of 79.5 hours per week.[2] Claimant was terminated from his employment with Heinz but did not file for benefits until August 7, 1995, eight weeks after his termination.

The Office of Employment Security (OES) granted Claimant partial benefits. Claimant's weekly benefit rate was calculated at $340.00 and his partial benefit credit was $136.00. The referee affirmed OES. Bloomsburg appealed to the Board, which initially remanded the case for reasons not pertinent to this decision. After reviewing the additional information presented at the remand hearing the Board affirmed the referee, finding that Claimant established that he worked 79.5 hours per week over the past nineteen months at his two different jobs.

The Board classified the combined hours as Claimant's full-time employment and found, therefore, that when Claimant separated from employment with Heinz, his hours worked with Bloomsburg were only part-time, i.e., 42 hours with Heinz versus 37.5 hours with Bloomsburg. The Board, determining that Claimant was unemployed during the weeks at issue, found Claimant eligible for benefits under Sections 401 and 4(u) of the Unemployment Compensation Law (Law)[3] because his earnings with Bloomsburg were less than the sum of his weekly benefit rate plus his partial benefit credit. Consequently, Bloomsburg, as one of Claimant's base year employers, was required to pay a substantial portion (53%) of Claimant's

unemployment compensation benefits. Bloomsburg now appeals to this court.

■ Bloomsburg raises two issues on appeal: (1) whether the Board erred in determining that Claimant was "unemployed" for purposes of the Law where he continued to work his regular full-time schedule for Bloomsburg during the period of "unemployment" found by the Board, and (2) whether the Board erred in determining that Bloomsburg is responsible for a portion of Claimant's unemployment benefits where his separation from Heinz was due to willful misconduct.[4] Our standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Peoples First National Bank v. Unemployment Compensation Board of Review*, 159 Pa.Cmwlth. 134, 632 A.2d 1014 (1993).

■ The essence of Bloomsburg's appeal is that, because Claimant remains a regular full-time employee at Bloomsburg, Claimant is not unemployed as to Bloomsburg, and Bloomsburg should not be compelled to pay a portion of his partial benefits in addition to his normal full salary which was, and is, paid. Under Section 401 of the Law, the primary criteria for an employee's entitlement to receipt of unemployment benefits is that the employee "is or becomes unemployed." *Id.* To qualify for benefits, an individual is deemed "unemployed" under Section 4(u) of the Law where:

(II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

It is not disputed that, after Claimant was discharged from his employment with Heinz,

2. Claimant worked 48 hours one week and 36 hours the next week for Heinz, totaling 84 hours every two weeks, which the Board divided by two for an average of 42 hours per week at Heinz, to which was added the 37.5 hours per week he worked for Bloomsburg.

3. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801, 753(u).

4. Although the Board failed to make specific findings regarding the reasons surrounding

Claimant's separation from Heinz, Claimant admitted that he was terminated for "missing days." (R.R. at 22a, 24a, 25a.) This issue is not currently before this court. However, we note that, because Claimant continued to be employed by Bloomsburg for eight weeks after his termination by Heinz and only then filed for benefits, he was considered by the Board to have purged the disqualification by working and earning an amount equal to at least six (6) times his weekly benefit rate in a "subsequent" employment, i.e., his regular employment with Bloomsburg.

he experienced both a loss of hours and wages. The Board calculated the normal work hours specific to Claimant by utilizing all applicable base year employers, but chose to average Claimant's hours per week rather than deal with the actual hours worked per week, so that Bloomsburg was determined to be only a part-time employer (37.5 hours) compared to the weekly Heinz average of 42 hours, once the *actual* alternate weekly Heinz schedule (36 hours) was reasoned out of the calculation. Therefore, under Section 4(u) of the Law, Claimant was deemed unemployed.

Even though Claimant earned less than the sum of his Board-calculated weekly benefit rate plus partial benefit credit during the weeks at issue, we hold that the Board erred in finding Bloomsburg responsible for a portion of Claimant's partial unemployment compensation benefits. This is so because Bloomsburg is not a part-time employer for purposes of Section 302(a)(2) of the Law,[5] thus making contribution inapplicable.

 "Full-time work" is not defined by the Act. In determining "full-time work," one does not focus upon numbers, but rather upon the individual circumstances of the employment. *Watkins v. Unemployment Compensation Board of Review,* 89 Pa.Cmwlth. 11, 491 A.2d 935 (1985). Indeed, the Law does not defer to the employer's determination of a full-time work week, but rather looks at the circumstances with reference to the particular employee's full-time work. *Philadelphia Newspapers, Inc. v. Unemployment Compensation Board of Review,* 57 Pa.Cmwlth. 639, 426 A.2d 1289 (1981). Because the focus is on the particular circumstances, what is fulltime work of the employee is defined by the employer and the

employee *within the context of their employment relationship. Berger v. Unemployment Compensation Board of Review,* 141 Pa.Cmwlth. 139, 595 A.2d 641 (1991). Case law is clear that when determining what is full-time work one does not focus upon the hours worked but rather upon the individual circumstances. *Watkins.* As stated in *Berger,* because the focus is on the particular circumstances, what constitutes full-time work of an employee is defined by the employer and the employee within the context of their employment relationship.

 The Board found that Claimant's work hours with Bloomsburg constituted part-time. The Board's almost complete focus only on hours worked is misplaced. This is error on the part of the Board. Part-time work is defined in 34 Pa.Code § 63.35(a) as "[w]ork other than normal full-time work of a claimant with a regular base-year employer which is ordinarily performed for less than the total number of hours or days customarily worked in the business, occupation or industry." The facts of this case establish that Bloomsburg was one of two *full-time* employers. As such, we hold that Bloomsburg, as a concurrent, full-time employer is not responsible for payment of any portion of Claimant's partial unemployment benefits.

Claimant, in working two full-time jobs, received all the amenities that accompanied each full-time position. To now hold that Bloomsburg is responsible for a portion of Claimant's partial compensation benefits due to his loss of a full-time position with Heinz, when he continues to work for Bloomsburg on a full-time basis and receive full amenities, is an absurd result.[6] This court has previously held that the legislature cannot be presumed to intend an absurd or unreasonable result to follow from its enactments. *Wat-*

---

5. This section states:
 Notwithstanding the provisions of paragraph (1) of this subsection, if the department finds that an individual subsequent to separation from his work is engaged in *part-time* work for a base year employer, other than a base year employer from whom he has separated, compensation paid to such individual with respect to any week of unemployment occurring subsequent to such separation and while such *part-time* work continues without material change, shall not be charged to the account of such *part-time* employer; provided, such *part-time*

employer has filed a notice with the department in accordance with its rules and regulations and within the time limits prescribed therein. (Emphasis added.)

6. Because Heinz discharged Claimant for "missing days," which could be willful misconduct, Heinz is not considered by the Board in this record as even possibly liable for any portion of Claimant's unemployment benefits. On the contrary, the innocent employer who continued to employ Claimant and pay for his benefits, would be subjected by the Board to paying 53% of

*kins.* As such, under the facts as presented here, we hold that Section 302(a)(2) of the Law is inapplicable.

Bloomsburg argues in the alternative that, if the Board is correct in calculating Claimant's prior full-time work week at 79.5 hours per week, Claimant's continuing employment with Bloomsburg constitutes part-time employment, entitling it to relief from charges pursuant to Section 302(a)(2) of the Law. As we have reversed that part of the Board's decision which found Bloomsburg responsible for a portion of Claimant's partial compensation, this issue is moot.[7]

Therefore, we hold that the Board erred in classifying the hours Claimant works for Bloomsburg as part-time, thus making Bloomsburg responsible for a portion of Claimant's partial unemployment benefits. Accordingly, that portion of the Board's decision is reversed, while the decision is affirmed in all other aspects.

### ORDER

NOW, March 13, 1997, the April 19, 1996, order of the Unemployment Compensation Board of Review, at No. B–348273, is reversed in part to reflect that the hours Claimant works for Bloomsburg are not part-time and, therefore, Bloomsburg is not responsible for payment of any portion of Claimant's partial unemployment compensation benefits. The decision is affirmed in all other aspects.

RODGERS, Senior Judge, dissents.

Claimant's unemployment compensation benefits in addition to his regular, full-time salary.

7. Even if the issue was not moot, an even greater injustice would be done if this court were to hold Bloomsburg responsible for a portion of Claimant's unemployment benefits. Where an employer is considered a "reimbursable" employer, as Bloomsburg is here, that employer is precluded from receiving relief from charges which result is contrary to the false hope held out to Bloomsburg by the Board in its opinion when it states that "the employer may wish to apply for relief from charges under Section 302(A)(2) of the Law." (R.R. at 63a.) *See Lincoln Borough v. Employer Accounts Review Board of Com. of Pa.,*

*Department of Labor and Industry, Office of Employment Security,* 98 Pa.Cmwlth. 408, 511 A.2d 286 (1986). As such Bloomsburg, and other reimbursable, innocent, full-time employers, would be required to pay full-time wages to an employee while concurrently also paying a portion of that employee's unemployment compensation benefits which arise from the conduct of the Employee and/or another employer over which there is no control by the continuing remaining employer. Such a liability could deter potential second employers from hiring anyone having an equal or better first job. Such an unjust result this court shall not order.