**BALDWIN–WHITEHALL SCHOOL DISTRICT, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 19, 2003.

Decided Feb. 11, 2004.

Publication Ordered April 30, 2004.

Gerri L. Sperling, Pittsburgh, for petitioner.

Teresa H. DeLeo, Harrisburg, for respondent.

Timothy G. Wojton, Pittsburgh, for intervenor, J. D'Alessandro.

BEFORE: FRIEDMAN, Judge, COHN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN.

This is an appeal by Baldwin–Whitehall School District (Employer) from an order of the Unemployment Compensation Board of Review (Board) that reversed a referee's decision to deny benefits on the basis that Joseph L. D'Alessandro (Claimant) was not "unemployed" within the meaning of Sections 401 and 4(u) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801, 753(u). We must now decide whether Claimant, who worked 4–5 hours a day as a school bus driver, was "unemployed."

Claimant was called by the unemployment office, notified of his eligibility and, thereafter, filed for unemployment benefits with an effective date of April 28, 2002; the Unemployment Compensation Service Center (Center) initially granted them. Employer then appealed. The referee reversed that decision concluding that, while the Center had correctly ruled that Claimant was not disqualified on the basis of refusal of suitable work, a determination not at issue here, it had incorrectly ruled that Claimant was unemployed. Claimant then appealed to the Board.

On appeal, the Board made its own findings of fact.[1] Claimant began working for Employer in February 2001 and continues to do so as a school bus driver. He works 4 to 5 hours per day, and there is no dispute that he has always worked for Employer for the same number of hours. Claimant filed an application for benefits effective April 28, 2002, and qualified for a weekly benefit rate of $442.00 and a partial benefit credit of $177.00, based on wages paid to him during the base year of January 1, 2001 through December 31, 2001. During his base year of 2001, Claimant only worked for Employer. However, during 2001, in addition to his wages from Employer, Claimant received compensation from his prior employer, LTV Steel, because of past wage concessions, and this compensation was included in the calculation of his base year wages. In his application, Claimant made claims for the waiting week ending May 4, 2002, and received partial benefits for the weeks ending April 12, 2002 through June 8, 2002, and September 7, 2002 through April 12, 2003. On his application, he reported his earnings for the school bus driver position, and the Board noted that he had worked the weeks in issue. In fact, the Board, in its adjudication, specifically explained that during the weeks in issue Claimant was actually working on a part-time basis, but that, "due to his high quarter wage and total base year wages he is financially entitled to an amount that permits[,] after deduction for his actual and potential earnings, partial benefits."[2] It also concluded that Claimant had remained able and available for suitable work and, accordingly, reversed the decision of the referee and granted benefits. Employer appealed here.[3]

---

1. In an unemployment compensation case, the Board is the ultimate factfinder and is empowered to make credibility determinations. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985). In making those determinations, the Board may accept or reject the testimony of any witness in whole or in part. *Greif v. Unemployment Compensation Board of Review*, 68 Pa.Cmwlth. 437, 450 A.2d 229 (1982).

2. These high wages, it appears, were due to some sort of a lump sum payment that related back to his previous employment with LTV Steel, his former employer.

3. Our scope of review is limited to determining whether the Board's adjudication is in violation of constitutional rights, whether an error of law was committed, or whether the factual findings are supported by substantial evidence. *Nolan v. Unemployment Compensa-*

■ We note, initially, that we have an anomaly here. The employer who is challenging the grant of benefits is not the one who should be responsible for paying them. The current employer, Baldwin–Whitehall, hired Claimant for part-time work, and has continued to employ him in that capacity. However, it was the lump sum *from LTV Steel*, a prior employer, that generated Claimant's right to unemployment compensation. The appropriate remedy for this is for the current employer, Baldwin–Whitehall, to file a notice under Section 302 of the Law, 43 P.S. § 782(a.2), for relief from charges.[4] Section 302 provides:

> If the department finds that an individual subsequent to separation from his work is engaged in part-time work for a base year employer, other than a base year employer from whom he has separated, compensation paid to such individual with respect to any week of unemployment occurring subsequent to such separation and while such part-time work continues without material change, shall not be charged to the account of such part-time employer; provided, such part-time employer has filed a notice with the department in accordance with its rules and regulations and within the time limits prescribed therein.

We cannot tell in this case whether Employer ever filed such a notice, which would have relieved it of liability.

■ On appeal to this Court, Employer argues that the Board incorrectly ruled that Claimant was working part-time, without making a finding as to what constituted full-time work for one in Claimant's position (i.e., school bus driver). It asserts that, in determining whether Claimant worked part-time, the Board was required to look to Claimant's "normal full-time work," and focus on the specific circumstances of Claimant's case. Essentially, Employer's argument is that Claimant was a school bus driver and persons employed by it in that capacity have always worked between four and five hours daily, occasionally more, and that is the normal "full-time" employment for Claimant. It maintains that, because the Board did not contradict any of the referee's findings, it should have affirmed his order but, instead, applied an "incorrect" legal test to determine that Claimant was unemployed.

Section 401 of the Law provides that compensation shall be payable to "any employe who is or becomes *unemployed* ..." (emphasis added). Section 4(u) of the Law defines the term "unemployed" as follows:

> An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

■ For a claimant to be regarded as unemployed, he must have, for the weeks in question, been working less than his normal full-time work. *Corning Glass v. Unemployment Compensation Board of Review*, 151 Pa.Cmwlth. 119, 616 A.2d 175 (1992), *petition for allowance of appeal denied*, 535 Pa. 624, 629 A.2d 1384 (1993). The term "full-time work" is undefined in the Law. Part-time work is defined, however, in Board Regulation 63.35(a), 34 Pa Code § 63.35(a), as "[w]ork other than nor-

---

*tion Board of Review,* 797 A.2d 1042 (Pa. Cmwlth.2002).

4. Section 302 of the Law was added by Section 4 of the Act of May 26, 1949, P.L. 1854.

mal full-time work of a claimant with a regular base-year employer which is ordinarily performed for less than the total number of hours or days customarily worked in the business, occupation or industry." In applying this definition, we are required to look to the individual circumstances of the claimant's employment, rather than focus on the number of hours worked. *Bloomsburg University of Pennsylvania v. Unemployment Compensation Board of Review,* 692 A.2d 586 (Pa. Cmwlth.1997). Additionally, where, as here, there has been an involuntary separation from full-time employment and, subsequently, employment with reduced hours, **we look to the work from which the claimant was separated before commencing the new part-time work.** *Philadelphia Newspapers, Inc. v. Unemployment Compensation Board of Review,* 57 Pa.Cmwlth. 639, 426 A.2d 1289 (1981). It is this last point that Employer has not addressed. Although it might be true that school bus drivers work 4 to 5 hours per day, Claimant's prior full-time employment in the steel industry must be considered to determine whether Claimant's current employment is part-time.[5]

■ Because the Board was the ultimate fact finder in this case, *Peak,* and because it found that Claimant was working part-time, whereas the referee in his discussion stated that "there is no evidence ... that the claimant was working less than his full-time work as a school bus driver," we must examine the record to see if there is substantial evidence to support the Board's finding. Substantial evidence is that which a reasonable mind, without weighing the evidence or substituting its judgment for that of the factfinder, might

accept as adequate to support the conclusion reached. *Centennial School District v. Department of Education,* 94 Pa. Cmwlth. 530, 503 A.2d 1090, 1093 n. 1 (1986), *affirmed,* 517 Pa. 540, 539 A.2d 785 (1988).

Regarding the finding that Claimant was employed as a bus driver only part-time, we do agree with Employer that the Board did not make *specific* findings as to what constituted full-time work for one in Claimant's position as a school bus driver. However, the record indicates that Claimant had worked 46 hours a week for LTV Steel. (Ex. 10, Notice of Determination, Finding of Fact 3). This was Claimant's "normal full-time work." When his current employment as a school bus driver is compared to his prior employment, there is reasonable evidence from which one could conclude that Claimant works part-time for Employer.

Employer relies on *Womeldorf v. Unemployment Compensation Board of Review,* 68 Pa.Cmwlth. 565, 449 A.2d 865 (1982), to bolster its assertion that Claimant worked full-time. In *Womeldorf,* we affirmed a decision in which the Board had held that a claimant who worked only 11.46 hours a week was a full-time employee. That case is readily distinguishable from the matter *sub judice.* In *Womeldorf,* the claimant worked as a flexible clerk, with a widely fluctuating schedule, and was guaranteed only four hours of work per week, but was, nonetheless, required to remain available. She testified that she often worked as many as 22 hours a week, and the record there reflected that her average number of hours worked per week was 11.46. This evidence was deemed sufficient to support a finding of full-time work.[6] Here, howev-

---

5. The Board made no factual findings regarding whether Claimant was involuntarily separated from his prior employment, and there are no facts in the record that support such a

finding; however, Employer has not raised this issue.

6. We note that the "averaging method" affirmed by this Court in *Womeldorf* has been

er, we look to Claimant's previous employment to determine what constituted full-time work for this Claimant.[7] The *Womeldorf* case, when contrasted with this one, merely illustrates that each case is highly fact driven.

Because we determine that the Board committed no error in concluding that Claimant was a part-time employee who was entitled to collect benefits, we must affirm the Board's order.[8]

### ORDER

**NOW,** February 11, 2004, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

called into question in *Corning Glass,* 616 A.2d at 176 n. 4.

7. Because the proper comparison is to Claimant's previous employment, we do not rely upon Claimant's testimony that this bus driver job was only part-time.

8. Employer seeks, in the alternative, a remand of this matter, citing to *Philadelphia Newspapers,* where we vacated the Board's order and remanded for additional findings of fact. Such a remedy is not required here, however, since we have all the essential findings needed for disposition of this appeal.